IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHANIE STEWART AND CODY HASTINGS**, on behalf of themselves, as representatives of a class of participants and beneficiaries and on behalf of the Icon Clinical Research, LLC 401(K) Plan,<br><br>Plaintiffs,<br>v.<br><br>**ICON CLINICAL RESEARCH LLC**,<br><br>Defendant. | Case No.: 2:26-cv-00554<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

1. Plaintiffs Stephanie Stewart and Cody Hastings ("Plaintiffs") on behalf of themselves, and as representatives of the class, and on behalf of the Icon Clinical Research LLC 401(K) Plan (the "Plan") bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001–1461, against the Plan's fiduciary (1) Icon Clinical Research LLC ("Icon"). Plaintiffs allege Icon is liable for breaches of ERISA arising from Icon's failure to follow documents and instruments governing the plan when determining how to allocate forfeitures.

2. ERISA requires fiduciaries to act "solely in the interest of participants," to do so with "the care, skill, prudence, and diligence" of a prudent person, "**in accordance with the documents and instruments governing the plan**," and to refrain from "deal[ing] with the assets of the plan" in its own interest. 29 U.S.C. §§ 1104(a)(1), (emphasis added).

3. As detailed below, despite fiduciary obligations to follow the governing Plan documents, Icon failed to allocate Plan assets (forfeitures) as instructed by the Plan. Icon

1

Specifically, despite the Plan documents' instruction that, if any forfeitures remained after restoring previously forfeited amounts to participants' accounts, "any remaining forfeitures will be ***used first to offset Plan expenses***," Icon chose to apply millions of dollars of Plan forfeitures to first offset Icon's contractual obligations to make declared Employer Contributions to the Plan between 2020 and 2024, while upon information and belief using none to defray Plan expenses, Upon information and belief, Icon failed to follow the unequivocal prioritization set forth by Plan terms and prioritized offsetting Icon's costs of contributions instead.

4. Icon' failure to follow the prioritization for use of forfeitures set forth in the Plan and decision to instead utilize Plan forfeitures to benefit Icon resulted in Plan participants paying over $3.5 million in Plan expenses to the Plan's third-party service providers, both directly and indirectly.

5. To remedy these fiduciary breaches, Plaintiffs, individually and as representatives of a class of participants and beneficiaries of the Plan, bring this action on behalf of the Plan under 29 U.S.C. § 1132(a)(2) to enforce Icon's personal liability under 29 U.S.C. § 1109(a) to make good to the Plan all losses resulting from each breach of fiduciary duty and to restore to the Plan any profits made through Icon's use of the Plan's assets. In addition, Plaintiffs seek such other equitable or remedial relief for the Plan as the Court may deem appropriate.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction in this ERISA matter under 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

7. This Court has personal jurisdiction over Icon because it transacts business in this District, resides in this District, and/or has significant contacts with this District, and because ERISA provides for nationwide service of process.

8.Venue lies in this district within the meaning of 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because some or all of the violations of ERISA occurred in this District and Icon resides and may be found in this District.

## PARTIES

9.The Plan is a defined contribution, individual account, employee pension benefit plan under 29 U.S.C. § 1002(2)(A) and § 1002(34) and is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

10.Plaintiff Stephanie Stewart is a former employee of Icon, and was a participant in the Plan during the Class Period. As such, Plaintiff Stewart is a participant under ERISA § 3(7), 29 U.S.C. § 1002(7).

11.Plaintiff Cody Hastings is a former employee of Icon, and was a participant in the Plan during the Class Period. As such, Plaintiff Hastings is a participant under ERISA § 3(7), 29 U.S.C. § 1002(7).

12.During the Class Period, Plaintiffs' individual accounts were repeatedly charged, and as a result, Plaintiffs paid Plan expenses the Plan promised to offset with available forfeitures.

13.Plaintiffs have Article III standing to bring this action on behalf of the Plan because Plaintiffs suffered actual injuries through the diminishment of Plaintiffs' individual Plan accounts and future growth by Plan expenses that the Plan promised to offset with available forfeitures. This injury is fairly traceable to Icon's unlawful conduct in failing to follow the Plan terms regarding forfeitures and instead using them for their own benefit by offsetting Icon's contribution costs. This harm could only be redressed by a favorable judgment providing relief to the Plan.

14.Having established Article III standing, Plaintiffs may seek recovery for the entire Plan under 29 U.S.C. § 1132(a)(2).

15. Plaintiffs and all participants in the Plan did not have knowledge of all material facts (including, among other things, the misallocation of Plan forfeitures) necessary to understand that Icon breached its fiduciary duties until shortly before this suit was filed.

16. Icon is a private global contract research organization that provides clinical trial services and other services that is headquartered in Dublin, Ireland. Their US headquarters are located in North Wales, Pennsylvania.

17. At all relevant times, Icon was the sponsor (settlor or employer) of the Plan per ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B); a party in interest under ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C); a named Plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and Plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16), with broad authority over the administration and management of the Plan.

18. At all relevant times, the Icon was a party in interest under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## RELEVANT PLAN TERMS

*Icon's Contributions*

19. There are several types of contributions that can be added to a Plan participant's account, including: Employee Contributions and Employer Contributions.

20. Relevant to this case, Employer Contributions under the terms of the Plan ("Employer Contributions") means the contributions made by the Employer on behalf of each of Eligible Participant under the contribution program.

21. Upon their deposit into the Plan's trust fund, all participant contributions and Employer contributions become Plan assets.

22. Throughout the Class Period, Employer Contributions have been deposited into the Plan's trust fund and allocated to individual participant accounts.

*** Vesting and Forfeiture of Employer Contributions***

23. Under the terms of the Plan, participants are immediately vested in their own contributions, as well as any actual earnings thereon. Participants are not 100% vested in Matching Contributions until the completion of three years of employment.

24. To the extent a participant is not 100% vested upon termination of employment, the participant forfeits the value of Employer Contributions according to the vesting schedule.

25. The Plan document instructs that "[a]ny Forfeitures occurring will be disposed of or reallocated in accordance with the Employer's elections in the Adoption Agreement." Art. IX, § 9.12.

26. From at least December 23, 2021 through present, the Adoption Agreement instructed the Plan Fiduciaries that any Forfeited Plan Assets arising under the Plan for a given Plan Year and earnings thereon must be used to first offset plan expenses and only then used to reduce Employer Contributions.

D. **ALLOCATION OF FORFEITURES.** Forfeitures will first be used to restore previously forfeited amounts to Participant's Accounts. Any remaining Forfeitures will be:

| Nonelective | Match | |
|---|---|---|
| ☐ | ☒ | Used first to offset Plan expenses. |
| ☐ | ☒ | Used to reduce future Matching Contributions. |
| ☐ | ☒ | Used to reduce future Nonelective Contributions. |
| ☐ | ☐ | Reallocated to other Participants in proportion to Compensation, as additional Matching Contributions. |
| ☐ | ☐ | Reallocated to other Participants in proportion to Compensation, as additional Nonelective Contributions. |
| ☐ | ☐ | Added to Matching Contributions. |
| ☐ | ☐ | Added to Nonelective Contributions. |
| N/A | ☐ | Reallocated to all Participants in proportion to Elective Deferrals as Matching Contributions. |

27. Thus, since at least December 23, 2021, the Plan Fiduciaries were instructed to use Forfeited Plan Assets ***first to offset*** plan expenses, ***before*** reducing employer contributions.

*Plan Administration*

28. Throughout the Class Period, the Plan incurred plan expenses that the Plan instructed to be first offset by forfeitures.

29. Based on Icon's disclosures to the DOL throughout the Class Period, the Plan paid a minimum of $3,499,346 in Plan Expenses throughout the class period, as well as an undisclosed amount of indirect compensation[1].

30. Throughout the Class Period, the Plan incurred forfeitures that were left unallocated to a large extent and were applied to offset employer contributions.

---

[1] The Plan carries a revenue sharing agreement with Transamerica which results in substantial additional plan expenses paid by the Plan that could have been offset as well. Until discovery Plaintiffs cannot ascertain the full extent of the losses sustained through this agreement.

6

31.     The use of Plan assets to pay Plan Expenses always reduces the funds available to Plan participants for distribution and/or investing—and thereby reduces the value of individual participant accounts—depriving the Plan of funds that otherwise would have been earned on the amounts deducted.

## PLAN FIDUCIARIES' PLAN VIOLATION IN ALLOCATING FORFEITED PLAN ASSETS

**A.  The Plan Fiduciaries Use of Forfeited Plan Assets During the Class Period**

32.     The Plan's Form 5500s, which are filed with the Department of Labor for each Plan year and publicly available, detail the amount Icon paid in Employer Contributions and the amount of Forfeited Plan Assets used to offset Icon's Employer Contributions. The Plan's Form 5500s for a given plan year are typically filed in the fall of the next calendar year.

33.     From 2019 through 2023, Icon was required under the terms of the Plan to direct the use of Forfeited Plan Assets in the following approximate minimum amounts: (1) $1,000,000 in 2020; (2) $4,500,000 in 2021; (3) $5,500,000 in 2022; (4) $9,000,000 each in 2023 and 2024.

34.     During that time frame, the Icon decided to offset its obligation to make declared Employer Contributions by allocating Forfeited Plan Assets in the following amounts: (1) $242 in 2020; (2) $2,128,680 in 2021; (3) $619,714 in 2022; (4) $5,273,057 in 2023; and (5) $4,744,595 in 2024. These actions saved Icon millions in contribution costs.

35.     Moreover, Icon left unallocated more than double the minimum reported plan expenses each year, which they could have used to comply with Plan terms and offset Plan expenses **first**. As of December 31 of each year from 2020 through 2024, unallocated Forfeited Plan Assets remained unused in the following amounts: (1) $1,005,552 in 2020; (2) $2,555,034 in 2021; (3) $4,889,662 in 2022; (4) $3,739,523 in 2023; and (5) $4,525,600 in 2024.

36. Reported minimum Plan expenses were as follows: $450,155 in 2020; $569,836 in 2021; $550,602 in 2022; $945,917 in 2023; $982,836 in 2024.

37. At all times during the Class Period, Icon should have followed the Plan terms and first offset Plan expenses before remitting millions back to the employer to offset employer contributions.

38. Similarly, and alternatively, it was administratively feasible to use largely unused and accumulating Forfeited Plan Assets to first offset Plan Expenses as required by the Plan and avoid carrying these large amounts in an unallocated plan account over to the next calendar year.

39. From 2020 through 2024, upon information and belief at no point did the Plan Fiduciaries use any Forfeited Plan Assets to offset Plan Expenses as required by the Plan.

40. A prudent and loyal fiduciary would have followed the Plan terms and allocated forfeitures to offset Plan expenses.

## PLAN-WIDE RELIEF

41. ERISA authorizes any participant or beneficiary of the Plan to bring an action on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a). *See* 29 U.S.C. § 1132(a)(2).

42. Indeed, ERISA breach-of-fiduciary duty actions generally hinge on the uniform conduct of plan fiduciaries with respect to the plan. *Hughes v. Nw. Univ.*, 595 U.S. 170, 176–77, 142 S. Ct. 737, 211 L. Ed. 2d 558 (2022).

43. Plaintiffs seek relief on behalf of the Plan, *i.e.*, in this case for all Plan Expenses that should have been defrayed with Forfeited Plan Assets, and not only the losses to their individual account.

## **CLASS ACTION ALLEGATIONS**

44. 29 U.S.C. §1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. §1109(a).

45. As an alternative to direct individual actions on behalf of the Plan, Plaintiffs seek to certify this action as a class action on behalf of all participants and beneficiaries of the Plan to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions.

46. Plaintiffs seek to certify the following class: All participants and beneficiaries of the Plan during the Class Period, excluding: Icon; any person who was or is an officer, director, employee, or a shareholder of 5% or more of the equity of Icon or is or was a partner, officer, director, or controlling person of the Icon, the spouse or children of any individual who is an officer, director or owner of 5% or more of the equity of the Icon; Plaintiffs' counsel; judges of the Court in which this case is pending and their current spouse and children; and the legal representatives, heirs, successors and assigns of any such excluded person (the "Class").

47. This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons:

   a. The class includes over 10,000 members and is so large that joinder of all its members is impracticable.

   b. There are questions of law and fact common to the class because Icon owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged herein as to the Plan and not as to any individual participant. Thus, common questions of law and fact include the following, without limitation: Who are the fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a)? Did

    the fiduciaries of the Plan breach their fiduciary duties to the Plan with respect to their management and allocation of Plan assets? Did the fiduciaries follow the Plan terms? What are the losses to the Plan resulting from each alleged breach of ERISA? What Plan-wide equitable and other relief should the Court impose to remedy Icon' alleged breaches?

c. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were participants of the Plan during the Class Period and all participants in the Plan were harmed by the same alleged misconduct by Icon. Icon has no unique defenses against Plaintiffs that would interfere with Plaintiffs' representation of the Class.

d. Plaintiffs are adequate representatives of the class because Plaintiffs were participants of the plan during the Class Period, have no interests that conflict with any other members of the class, are committed to the vigorous representation of the class, and have engaged experienced and competent attorneys to represent the class.

e. Prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Icon with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests. Any such recovery from Icon will be paid to the Plan and

any relief will flow to all Class Members through their accounts in the Plan. Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

48. The requirements of Fed. R. Civ. P. 23(b)(1)(A) are satisfied. Fiduciaries of ERISA-covered plans have a legal obligation to act consistently with respect to all similarly situated participants and to act in the best interests of the Plan and its participants. This action challenges whether Icon acted consistently with their obligations under ERISA as to the Plan as a whole. As a result, prosecution of separate actions by individual members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct relating to the Plan.

49. The requirements of Fed. R. Civ. P. 23(b)(1)(B) are also satisfied. Administration of an ERISA-covered plan requires that all similarly situated participants be treated the same. Resolving whether Icon fulfilled their fiduciary obligations to the Plan would, as a practical matter, be dispositive of the interests of the other participants in the Plan even if they are not parties to this litigation and would substantially impair or impede their ability to protect their interests if they are not made parties to this litigation by being included in the Class.

50. The requirements of Fed. R. Civ. P. 23(b)(2) are satisfied as to the Class because Icon have acted and/or failed to act on grounds generally applicable to the Class, making declaratory and injunctive relief appropriate with respect to the Class as a whole. This action challenges whether Icon engaged in breaches of fiduciary duties which would be violations of ERISA as to the Plan as a whole and as to the Class as a whole. The relief sought in this case primarily consists of declarations that Icon breached their fiduciary duties. As ERISA is based on

trust law, any monetary relief consists of equitable monetary relief that would either flow directly by the declaratory or injunctive relief or flows as a necessary consequence of that relief.

51. The requirements of Fed. R. Civ. P. 23(b)(3) are also satisfied. The common questions of law and fact concern whether Icon breached their fiduciary duties to the Plan. As the members of the Class were participants in that Plan, their accounts were affected by those breaches and violations. Common questions related to liability will necessarily predominate over any individual questions precisely because Icon duties and obligations were uniform to all participants and therefore all members of the Class. As relief and any recovery will be on behalf of the Plan, common questions as to remedies will likewise predominate over any individual issues.

52. A class action is a superior method to other available methods for the fair and efficient adjudication of this action. As the claims generally are brought on behalf of the Plan, resolution of the issues in this litigation will be efficiently resolved in a single proceeding rather than multiple proceedings and each of those individual proceedings could seek recovery for the entire Plan. Class certification is a superior method of proceeding because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Icon's duties to the Plan.

53. The following factors set forth in Rule 23(b)(3) also support certification:

    a. The members of the Class have an interest in a unitary adjudication of the issues presented here for the reasons that this case should be certified under Rule 23(b)(1).

    b. No other litigation concerning this controversy has been filed by any other members of the Class.

      c. This District is the most desirable location for concentrating this litigation because (i) the Company does business in this District; and (ii) a significant number of Class members are located in this District.

      d. There are no anticipated difficulties in managing this case as a class action.

54. Additionally, or in the alternative, this action may be certified as to particular issues under Rule 23(c)(4), including but not limited to Icon's liability to the Class for their allegedly imprudent and disloyal conduct.

55. Plaintiffs are represented by counsel experienced in prosecuting ERISA class actions and with experience and expertise in litigation involving ERISA breaches of fiduciary duty.

## COUNT I
## FAILURE TO FOLLOW PLAN TERMS
## (29 U.S.C. 1104(a)(1)(D))

56. Plaintiffs reallege and incorporate herein by reference each preceding paragraph of this Complaint as though fully set forth herein.

57. At all relevant times, Icon was named and/or de facto fiduciary of the Plan within the meaning of ERISA insofar that it exercised discretionary authority or control over the administration and/or management of the Plan or disposition of the Plan's assets.

58. As fiduciary of the Plan, Icon was subject to the fiduciary duties imposed by ERISA § 404(D), 29 U.S.C. § 1104(D).

59. Pursuant to 29 U.S.C. § 1104(a)(1)(D), Icon was required to discharge its duties to the Plan "solely in the interest of the participants and beneficiaries" and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

13

60. Thus, unless the Plan terms conflict with ERISA they must be followed by the fiduciaries. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 421, 134 S. Ct. 2459, 2468, 189 L. Ed. 2d 457 (2014)

61. Icon has continually breached this duty with respect to its control and management of the Plan's assets throughout the Class Period by choosing to not allocate millions of dollars each year and utilizing forfeited funds in the Plan for the benefit of the Company rather than as required by the Plan, first to offset Plan expenses.

62. Under the circumstances presented in this case, a prudent fiduciary would have chosen to follow the Plan terms instead of offsetting employer contributions.

63. A fiduciary following the Plan document would have allocated forfeitures to first offset Plan expenses as required by the Plan document, instead of leaving millions unallocated and using millions to offset employer contributions.

64. As a direct and proximate result of Icon' fiduciary breaches described herein, the Plan suffered millions of dollars in losses.

65. Pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(2), Icon is liable to restore to the Plan all losses caused by its breaches of fiduciary duties, including, without limitation, the disgorgement of all ill-gotten profits to Icon resulting from such breaches. In addition, Plaintiffs are entitled to equitable relief and other appropriate relief for Icon's breaches as set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Icon on all claims, and request that the Court order or award the following relief:

A. Find and adjudge that Icon has breached its fiduciary duties and engaged in prohibited conduct as described above;

B. Find and adjudge that the Icon is personally liable to make good to the Plan the losses to the Plan resulting from each violation of ERISA described above, and to otherwise restore the Plan to the position it would have occupied but for the breaches;

C. Order the disgorgement of all assets and profits secured by Icon as a result of each violation of ERISA described above;

D. Impose a constructive trust over these profits;

E. Determine the method by which Plan losses under 29 U.S.C. § 1109 should be calculated;

F. Order Icon to provide all accounting necessary to determine the amounts Icon must make good to the Plan under 29 U.S.C. § 1109(a);

G. Order Icon to make good to the Plan the losses resulting from each breach of ERISA and to restore to the Plan any profits resulting from each breach of ERISA;

H. Apportion all amounts recovered for the Plan among the Plaintiffs and the Class;

I. Order that any amount to be paid to the Plan and/or accounts of Plaintiffs and Class members can be satisfied by using or transferring any breaching fiduciary's account (or the proceeds of that account) to the extent of that fiduciary's liability;

J. Remove the fiduciaries who have breached their fiduciary duties and enjoin them from future ERISA violations;

K. Impose surcharge against Icon and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA;

L.  Certify this action as a class action pursuant to Fed. R. Civ. P. 23, appoint the Plaintiffs as class representatives, and appoint the law firm Milberg, PLLC as class counsel;

M.  Award to Plaintiffs and the class their attorneys' fees and costs under 29 U.S.C. § 1132(g)(1), or order the payment of reasonable fees and expenses to Plaintiffs' counsel on the basis of the common benefit or common fund doctrine (or other applicable law) out of any money or benefit recovered for the Class in this action;

N.  Award pre-judgement and post-judgment interest; and

O.  Award any other such relief the Court determines Plaintiffs and the Class are entitled to pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of these claims by jury to the extent authorized by law.

Dated: January 28, 2026

/s/ Michael Acciavatti
Michael Acciavatti (PA Bar No. 324112)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel: (212) 594-5300
macciavatti@milberg.com

Alexandr Rudenco*
Arlene Boruchowitz*
**MILBERG, PLLC**
800 S. Gay St., Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
arudenco@milberg.com
aboruchowitz@milberg.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiffs and the Prospective Class*